ERICKA C. JOHNSON ET AL., APPELLANTS, V. HASTINGS & HEYDEN ET AL., APPELLEES.

FILED FEBRUARY 19, 1932. No. 28149.

*A. H. Murdock* and *Arthur C. Pancoast,* for appellants.

*King & Haggart, Walter R. Johnson* and *E. H. Westerfield, contra.*

Heard before ROSE, GOOD and EBERLY, JJ., and CARTER and CHASE, District Judges.

CHASE, District Judge.

This is a suit in equity in which the plaintiffs, as husband and wife, pray for the cancelation of a contract for the exchange of properties.

From the record it appears that the plaintiffs, Ericka C. Johnson and Eric Johnson, on and prior to the 20th day of May, 1930, were joint owners of 30 shares of stock in the Occidental Building & Loan Association, and 50 shares of stock in the Standard Savings & Loan Association; that one Henshaw, who claimed to be a salesman for a tract of land, known as West Dodge Addition, in Douglas county, Nebraska, approached the plaintiffs offering to make an exchange of several lots in this addition for their building and loan stock, to which they finally agreed, and the transaction was consummated for the Standard Savings & Loan stock on or about the 20th day of May, 1930, and for the Occidental Building & Loan stock on or about the 28th day of May, 1930, by delivering the certificates and accepting the deed for the lots. The plaintiffs contend that the said Henshaw, through whom the whole transaction was handled, was acting as agent of the defendants Hastings & Heyden and the Investors Syndicate, Inc., in the representations leading up to, and in the consummation of, the exchange of this property; that the plaintiffs were induced by fraud and misrepresentation to enter into the contract of exchange.

The principal specifications of fraud and misrepresentation which the plaintiffs allege induced them to make the exchange are that said Henshaw represented the value of the lots to be greatly in excess of their real value; that he represented that the building and loan associations in which plaintiffs held stock were in financial difficulties and that said stock was not worth more than 30 per cent. of its face value; that he further represented to them that one Walton had agreed to purchase one of the lots for which plaintiffs were dealing and had paid down the sum of $100 therefor, which contract would be turned over to plaintiffs in case they completed the transaction; that upon this basis, and believing these representations and relying thereon, plaintiffs entered into the transaction; that the said Henshaw was acting as agent of the defendants Hastings & Heyden and the Investors Syndicate, Inc., and that

any fraud or misrepresentation he may have indulged in, to induce a consummation of this transaction, was imputable to both these defendants.

The trial court, upon the evidence adduced by the parties, found against the plaintiffs, and ordered the suit dismissed. From that judgment plaintiffs appeal to this court.

We have carefully read the testimony for the purpose of determining whether or not plaintiffs were defrauded or overreached in any manner by any person in connection with this transaction. It fairly appears from the record and from the testimony of the plaintiffs themselves that they knew the Standard Savings & Loan Association was in the hands of a receiver before this transaction was made, and that the Occidental Building & Loan Association was not paying dividends at that time; that they were very anxious to get their money out of their building and loan stock; that the wife inspected the lots on two or three different occasions and the husband also made a minute inspection of the lots, and both realized that the quoted price of the real estate was somewhat above its real value, but were of the opinion that it was worth as much or more than the building and loan stock. The whole transaction appears to be, as numerous transactions have been found to be in the past few years, a bad bargain, which the plaintiffs entered into with their eyes open and dealing at arms length with the said Henshaw. Courts of equity cannot and will not make contracts for individuals. The function of a court of equity in such suits is merely to construe the contract the individuals themselves have made in the light of the evidence, for the purpose of determining whether one person has been overreached by another or unduly imposed upon by having been induced to enter into a transaction through misrepresentation of fact to such an extent that it would amount to actionable fraud. Ordinarily, a mere expression of an opinion as to the value of property, where persons have had an opportunity to inspect the character, quality and location there-

of, is not a misrepresentation of fact which would constitute actionable fraud. The parties had been negotiating the exchange for some time prior to the consummation thereof. If the plaintiffs did not feel themselves competent to form an opinion as to the value of the real estate, they could have inquired of disinterested third persons more familiar with its value and obtained their opinion. We find no evidence in the record where they were that vigilant. They appear to have been willing to accept their own judgment and that of Henshaw in the matter. The plaintiffs could not complain of Henshaw's alleged misrepresentations as to the value of their building and loan stock, for the reason that the law presumes the owner of property to be in position to know its value, and under that theory they could in no sense be misled by an opinion of a third party as to the value thereof. This court has held that the owner of property is a competent witness to testify as to the value of such property, without any further foundation than that of established ownership.

After a careful examination of the entire record, we reach the conclusion that the trial court was correct in his finding. Upon this theory the question of agency becomes immaterial. The judgment is, therefore,

AFFIRMED.